**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**COLUMBUS DIVISION**

| | |
|---|---|
| THE BUCKEYE INSTITUTE,<br>*Plaintiff*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE; DANIEL WERFEL, in his official capacity as Commissioner of Internal Revenue; UNITED STATES DEPARTMENT OF THE TREASURY; and JANET YELLEN, in her official capacity as Secretary of the Treasury,<br>*Defendants*. | No. 2:22-cv-4297-MHW-EPD<br><br>The Hon. Michael H. Watson, U.S.D.J.<br><br>The Hon. Elizabeth P. Deavers, U.S.M.J. |

**UNOPPOSED MOTION BY TAX LAW CENTER AT NYU LAW SCHOOL TO FILE ATTACHED AMICUS BRIEF IN SUPPORT OF DEFENDANTS**

Amicus curiae Tax Law Center at NYU Law School respectfully moves the Court for leave to file the attached brief in support of the defendants in this case. All parties consent to this request.

The Tax Law Center is a nonpartisan, nonprofit center dedicated to improving the integrity of the federal tax system. Its staff includes tax-law experts with experience in tax policymaking, administration, and litigation. The Center aims to protect and preserve tax revenues, advance equity through the tax system, and improve tax administration. It seeks leave to file an amicus brief to offer its perspective on the implications of this case for the federal tax system.

This case challenges the constitutionality of a federal statute that has existed for more than 50 years—the requirement that charitable organizations identify their major donors in their federal tax filings if they wish to receive the benefits of tax-exempt status under section 501(c)(3) of the Internal Revenue Code. The impetus for this half-century-late First Amendment challenge appears to be the U.S. Supreme Court's recent decision in *Americans for Prosperity Foundation v. Bonta*, 141 S.

Ct. 2373 (2021), which struck down a California regulation requiring charities to disclose their major donors to register for business in the state. But the Court in *Bonta* went out of its way to note that the federal law challenged here is different in two key respects: It concerns the "conferral of tax-exempt status," whereas California's regulation had the potential to "prevent charities from operating in the State altogether." *Id.* at 2389. And it implicates Congress's "revenue collection efforts," whereas California's regulation was aimed at reducing charitable fraud. *Id.*

In its motion to dismiss (at 25–27), the government ably explains why a "condition of federal tax exempt status" is analyzed differently than a compelled disclosure requirement. *Id.* Although the Supreme Court subjected the disclosure requirement in *Bonta* to "exacting scrutiny" under the First Amendment, *id.* at 2383, the Court has long held that a condition on the conferral of tax subsidies—including tax-exempt status and tax deductibility—is reviewed more deferentially, *see id.* at 2389 (citing *Regan v. Taxation With Representation of Wash.*, 461 U.S. 540, 545 (1983)). The statute at issue here is plainly constitutional under the standard set forth in *Regan*, so this distinction is reason enough to grant the government's motion. Because the motion makes the point effectively, the attached amicus brief does not expand upon the government's argument on this score. Nor does it address the government's alternative argument that the plaintiff lacks Article III standing.

Instead, this amicus brief focuses on the other key distinguishing factor noted in *Bonta*: that this case involves "revenue collection efforts." 141 S. Ct. at 2389. It explains why the statute should be upheld as a constitutionally permissible way of promoting voluntary compliance with, and facilitating the effective enforcement of, the nation's tax laws and thereby directly advancing tax-collection efforts.

As noted, counsel for amicus contacted counsel of record for both the plaintiff and all defendants to obtain their consent to the filing of the attached amicus brief. As of the filing of this motion, all parties have consented.

April 17, 2023

Respectfully submitted,

/s/ *Jonathan E. Taylor*
JONATHAN E. TAYLOR*
GUPTA WESSLER PLLC
2001 K Street, NW, Suite 850 North
Washington, DC 20006
(202) 888-1741
*jon@guptawessler.com*

C. BENJAMIN COOPER
COOPER ELLIOTT
305 West Nationwide Boulevard
Columbus, OH 43215
(614) 481-6000
*benc@cooperelliot.com*

BRANDON DEBOT*
THE TAX LAW CENTER AT NYU LAW
110 West 3rd Street #204
New York, NY 10012
(212) 998-6002
*brandon.debot@nyu.edu*

**pro hac vice application forthcoming*

*Counsel for Amicus Curiae*
*Tax Law Center at NYU Law School*

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Ohio by using the CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

*/s/ C. Benjamin Cooper*
C. Benjamin Cooper