# EXHIBIT G

## Quigley John M

| | |
|---|---|
| **From:** | Leas Matthew F |
| **Sent:** | Tuesday, July 10, 2018 6:25 AM |
| **To:** | Burke Anthony |
| **Subject:** | FW: 990 info |
| **Attachments:** | Sch B Draft IRS Statement - TEGE 7-9-18.docx |

**From:** Lemons Terry L
**Sent:** Monday, July 09, 2018 2:46 PM
**To:** Leas Matthew F ; Eldridge Michelle L ; Patterson Dean J
**Subject:** Fw: 990 info

Matt - are you -or someone - able to recirculate the text to Janine, Dave and the rest of the group. Also would add Margaret Von Lienen.

No need to include kirsten's message. Just the tracked edit on the statement.

Thanks.

**From:** Wielobob Kirsten B <Kirsten.B.Wielobob@irs.gov>
**Sent:** Monday, July 9, 2018 12:55 PM
**To:** Lemons Terry L
**Subject:** RE: 990 info

I'm fine with the talking points. Attached is my thought on the press release. Mostly, I suggest we delete the first line ("The IRS has taken steps") bc the way we're doing it (not all 501c + 527) is Secretary-driven.

**From:** Lemons Terry L
**Sent:** Friday, July 06, 2018 5:24 PM
**To:** Kautter David J <David.J.Kautter@irs.gov>; Wielobob Kirsten B <Kirsten.B.Wielobob@irs.gov>; Colbert Amalia C <Amalia.C.Colbert@irs.gov>; Paul William M <William.M.Paul@IRSCOUNSEL.TREAS.GOV>; Judson Victoria A <Victoria.A.Judson@irscounsel.treas.gov>; Cook Janine <Janine.Cook@irscounsel.treas.gov>; Horton David W <David.W.Horton@irs.gov>; Grant Dianne <Dianne.Grant@irs.gov>; Eldridge Michelle L <MICHELLE.L.ELDRIDGE@irs.gov>; Leas Matthew F <Matthew.F.Leas@irs.gov>; Patterson Dean J <Dean.J.Patterson@irs.gov>; Oursler Leonard T <Leonard.T.Oursler@irs.gov>; Klonsky Amy E <Amy.E.Klonsky@irs.gov>
**Subject:** 990 info

Here's the current version of the 990 Schedule B talking points and press statement. This has been reviewed by Counsel and TE/GE.

We are hearing this may be released on Wednesday. Possible Treasury may have a news release; they haven't shared any text yet.

Thanks.

***Draft IRS Statement***

(b)(5)

*Reactive response:*

1

While permitting modification of rules for tax administration reasons, the tax law specifically provides for section 501(c)(3) and 527 organizations to provide personally-identifying contributor information when filing their tax forms with the IRS.

## Schedule B – Talking Points

### Change to Schedule B Reporting of Donor Information

- The IRS issued Revenue Procedure 2018-38, to be published in I.R.B. 2018-30 on July 23rd, relieving many exempt organizations of the obligation to report personally-identifying donor information annually to the IRS.

- Organizations – other than those described in Internal Revenue Code sections 501(c)(3) and 527 – are no longer required to provide names and addresses of certain donors ("substantial contributors") on Schedule B, *Schedule of Contributors*, filed with Form 990 or 990-EZ.

- Organizations must continue to keep this information in their books and records, permitting the IRS to efficiently administer the tax laws through examinations of specific taxpayers when circumstances warrant.

- These changes are effective for tax years ending on or after December 31, 2018; filing instructions will be posted on IRS.gov in the near future.

### Legal Background on Donor Reporting

- Section 6033 of the Internal Revenue Code requires every section 501(c)(3) organization, otherwise required to file an annual information return, to furnish "the names and addresses of all substantial contributors."

- 1971 Treasury regulations extended the donor reporting requirement to all section 501(c) exempt organizations that file Forms 990 and 990-EZ, generally requiring reporting of the names and addresses of all donors of $5,000 or more during the taxable year.

- This donor information has been reported on Schedule B.

- However, section 6104 prohibits the disclosure by IRS of the names and addresses of donors to tax-exempt organizations, other than donors to private foundations and 527 political organizations.

### Rationale for Change to Schedule B Reporting of Donor Information

- The Internal Revenue Code does not require the reporting of donor information by organizations that are exempt under section 501(a), unless they are described in section 501(c)(3).

- The reporting of personally-identifying donor information by section 501(c) organizations (other than section 501(c)(3) organizations) is not necessary for efficient tax administration.

- The IRS does not need personally identifiable information of donors to section 501(c) organizations (other than section 501(c)(3) organizations) to be reported on Schedule B of Form 990 or Form 990-EZ in order for it to carry out its responsibilities.

  - Schedule B information may be used during an examination of a particular organization.

  - The information may be relevant to ongoing qualification for exemption (e.g., private benefit or inurement), liability for chapter 42 excise taxes, and other tax issues.

  - Organizations must maintain, and the IRS may request, such information on examination.

2

- Reporting donor information consumes private and governmental resources.

    o   Filers incur costs and time to comply with reporting requirements.

    o   IRS uses resources to redact donor names and addresses before making Schedule B publicly available, so relieving certain filers of the obligation to report this information lowers the cost to the IRS in making Schedules B publicly available.

- Ending reporting of personally-identifying donor information further reduces the risk of inadvertent disclosures.

    o   Recent IRS effort to increase public availability of Forms 990, including access to electronically filed returns, presents a slight risk of inadvertent disclosure of confidential information.

    o   The IRS is aware of 14 unauthorized disclosures of Form 990 information since 2010.

    o   This represents only a fraction of some 200,000 annual returns with Schedule B, but IRS takes seriously its responsibility to protect the confidentiality of all taxpayer information.

- The revenue procedure does not affect the information in Forms 990 and 990-EZ, including Schedule B, that the IRS makes public under Section 6104.