UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

THE BUCKEYE INSTITUTE,

    *Plaintiff,*

       v.

INTERNAL REVENUE SERVICE;
DANIEL WERFEL, in his official
capacity as Commissioner of Internal
Revenue; UNITED STATES
DEPARTMENT OF THE TREASURY;
and JANET YELLEN, in her official
capacity as Secretary of the Treasury,

    *Defendants.*

No. 2:22-cv-4297-MHW-EPD

The Hon. Michael H. Watson,
U.S.D.J.

The Hon. Elizabeth P. Deavers,
U.S.M.J.

## UNITED STATES' UNOPPOSED MOTION TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

The United States respectfully moves for certification of the Court's Opinion

and Order denying the Government's motion for summary judgment and its motion

to dismiss. Doc. 60. Specifically, the United States requests that the Court certify

the following question for interlocutory appeal to the Sixth Circuit:

> Whether the constitutionality of the 26 U.S.C. § 6033(b)(5) donor
> disclosure requirement applicable to certain tax-exempt organizations
> is properly analyzed under the "exacting scrutiny" standard, or under
> the "rational-basis" standard.

The requisite criteria for certification are met here because the Opinion and

Order "involves a controlling question of law as to which there is substantial ground

for difference of opinion," and "an immediate appeal from the order may materially

advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the Court

grants the motion, the United States requests that the Court vacate and reissue its November 9, 2023, Opinion and Order and "state in writing in such order" that it is certifying the Opinion and Order for appealability.  *See* 28 U.S.C. § 1292(b); *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914 (E.D. Mich. 2003).

Counsel for Plaintiff indicated that Plaintiff does not oppose this motion.

In further support of this motion, the United States submits the attached memorandum of law.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division

JOSEPH A. SERGI
Senior Litigation Counsel, Tax Division

U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-2604 (v)
202-514-5238 (f)
mary.a.stallings@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

THE BUCKEYE INSTITUTE,

     *Plaintiff,*

        v.

INTERNAL REVENUE SERVICE;
DANIEL WERFEL, in his official
capacity as Commissioner of Internal
Revenue; UNITED STATES
DEPARTMENT OF THE TREASURY;
and JANET YELLEN, in her official
capacity as Secretary of the Treasury,

     *Defendants.*

No. 2:22-cv-4297-MHW-EPD

The Hon. Michael H. Watson,
U.S.D.J.

The Hon. Elizabeth P. Deavers,
U.S.M.J.

**UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF
UNOPPOSED MOTION TO CERTIFY INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b)**

The United States respectfully submits this memorandum of law in support

of its motion to certify an interlocutory appeal of the order denying the

Government's motion for summary judgment and its motion to dismiss. Doc. 60. In

particular, the United States requests that the Court certify the following question

for interlocutory appeal to the Sixth Circuit:

> Whether the constitutionality of the 26 U.S.C. § 6033(b)(5) donor
> disclosure requirement applicable to certain tax-exempt organizations
> is properly analyzed under the "exacting scrutiny" standard, or under
> the "rational-basis" standard.

Under 28 U.S.C. § 1292(b), a district judge may certify interlocutory appeal of

an order involving "a controlling question of law as to which there is substantial

ground for difference of opinion" if "an immediate appeal from the order may

materially advance the ultimate termination of the litigation." The Court's Opinion and Order denying the Government's motion for summary judgment and denying its motion to dismiss satisfies those statutory criteria.

The proposed question for appeal is a controlling question of law involving the proper standard of constitutional review of 26 U.S.C. § 6033(b)(5) that can be answered "quickly and cleanly without having to study the record." *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000). The Sixth Circuit's determination that a less strict standard of review applies could "materially affect the outcome of the case" given the presumption of constitutionality that attaches to a statute subject to rational-basis review. *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017); W. *Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, (*In re City of Memphis*) 293 F.3d 345, 351 (6th Cir. 2002); *Stolz v. J & B Steel Erectors, Inc.*, 439 F. Supp.3d 980, 989 (S.D. Ohio 2020). Second, a substantial ground for difference of opinion exists. While this Court determined that the disclosure requirement at issue is a compelled disclosure and that exacting scrutiny is the correct standard, in *Mobile Republican Assembly v. United States*, 353 F.3d 1357 (11th Cir. 2003), the Eleventh Circuit determined that an analogous disclosure provision was a permissible condition on a tax subsidy, thus satisfying the "difference of opinion" requirement. Further, although there is analogous law, the question involved is difficult, novel, and there is little applicable precedent. Notably, in *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373, 2389 (2021), the Supreme Court reserved ruling on the precise issue

presented here. And last, the resolution of this question may materially advance the ultimate resolution of this case. If the Sixth Circuit reverses at this early stage in the proceedings on the ground that rational-basis scrutiny is the correct standard, it might narrow the issues or obviate the need for trial, thus saving the Court and the parties significant time and resources, particularly considering the various privilege concerns associated with techniques for selecting returns for examination.

For these reasons, the Court should certify this question for interlocutory appeal. If the Court grants the motion, the United States requests that the Court vacate and reissue its November 9, 2023 Opinion and Order and "state in writing in such order" that it is certifying the Opinion and Order for appealability. *See* 28 U.S.C. § 1292(b); *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914 (E.D. Mich. 2003).

## I. BACKGROUND

In December 2022, Buckeye filed suit against the IRS and the Treasury Department, claiming that the donor disclosure requirement of 26 U.S.C. § 6033(b)(5) "violates the First Amendment rights of association and assembly of Buckeye and its supporters, both on its face and as applied," and seeking a declaratory judgment that the statute is unconstitutional and an injunction prohibiting the IRS from collecting the names and addresses of Plaintiff's substantial contributors.[1]

---

[1] Buckeye filed an amended complaint in December 2023 seeking the same relief. Doc. No. 68.

The United States moved to dismiss the complaint on the grounds that (1) Buckeye had failed to plead standing and (2) Buckeye failed to state a claim because the statute survived rational-basis review. Doc. 21. On the merits, the United States argued that the reporting requirement is constitutional because it is a condition to receiving an optional tax benefit and because the condition is rationally related to that benefit. Buckeye responded to the motion to dismiss and moved for summary judgment on the grounds that the proper standard of review was exacting scrutiny and, in the alternative, that the law should be struck down under the intermediate scrutiny test. Doc. 35, 36. The United States cross-moved for summary judgment, arguing that § 6033(b)(5) is a condition on a subsidy rather than a compulsory disclosure, and that the proper standard of review was rational-basis; in the alternative, it argued that even under exacting scrutiny, the IRS made use of the substantial contributor information and the statute was narrowly tailored.

On November 9, 2023, the Court denied both parties' cross-motions for summary judgment and terminated the United States' motion to dismiss as moot. Doc. 60. The Court first found that Buckeye has standing.[2] On the merits, the Court relied on *Americans for Prosperity* in concluding that "exacting scrutiny" (requiring a substantial relation to a sufficiently important government interest) is the correct standard of review. Opinion at 10. In doing so, the Court rejected the United States' reliance on *Regan v. Taxation With Representation*, 461 U.S. 540 (1983) ("*TWR*"). Instead, the Court "synthesize[d] the following rule: Congress may, without

---

[2] The United States is not moving for interlocutory appeal on this issue. However, as described more fully below, if this case goes forward, the parties anticipate that there will be discovery issues, which will most likely involve court intervention, related to this issue.

offending the First Amendment, condition benefits for *programs* or *activities* on compliance with restrictions on First Amendment activities, but if Congress denies a benefit because an *organization* will not comply with a restriction on First Amendment activities, that denial may be unconstitutional." *Id.* at 10-11 (emphasis in original). Applying this rule, the Court concluded: "Thus, if the Disclosure Requirement is unconstitutional, it would be an unconstitutional condition on receipt of the tax benefits." *Id.* at 11. The Court concluded that the remaining question is whether § 6033(b)(5) is unconstitutional, determined under exacting scrutiny. *Id.* at 12. The Court also ordered that "[t]he parties' briefing under the exacting scrutiny standard raises a genuine issue of material fact." *Id.*

## II.    LEGAL STANDARD

Interlocutory appeals are governed by 28 U.S.C. § 1292. In limited circumstances, not present here, parties may file an interlocutory appeal as a matter of right. *See* 28 U.S.C. § 1292(a) (vesting the courts of appeals with jurisdiction over interlocutory orders in injunction actions, receiverships, and admiralty cases). In all other circumstances, as in this case, the District Court must certify an order for interlocutory appeal. 28 U.S.C. § 1292(b). The Court of Appeals then may, within its discretion, hear the appeal. *Id.*

A District Court may certify an order for interlocutory appeal if the order (1) "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.; see In re*

5

*Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022). This standard allows for a "flexible approach," rather than "blind adherence to a supposed need to construe strictly any permission to depart from the final judgment rule." 16 Wright & Miller, Fed. Practice & Procedure § 3929 (3d ed. 2021); *see also Union Oil Co. of Cal. v. John Brown E&C*, 121 F.3d 305, 311 (7th Cir. 1997) (referring to § 1292(b) as "a flexible tool for interlocutory review of complex and controlling questions of law"). Although § 1292(b) allows for a flexible approach, "[r]eview under § 1292 is granted sparingly and only in exceptional cases." *In re City of Memphis,* 293 F.3d at 350 (internal citation omitted).

Section 1292(b)'s elements ensure that District Courts certify orders for interlocutory appeal only "for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Sanderson Farms, Inc. v. Gasbarro*, No. 07-00857, 2007 WL 3402539, at * 3 (S.D. Ohio Nov. 13, 2007) (quoting *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1259 (11th Cir. 2004)). As explained more fully below, this is that type of exceptional case appropriate for § 1292(b) certification.

## III.    ARGUMENT

The Court should certify an interlocutory appeal of the order denying the United States' motion to dismiss and the United States' motion for summary judgment. The issue for appeal—whether the district court erred in holding that the constitutionality of 26 U.S.C. § 6033 is reviewed under exacting scrutiny—is a "controlling question of law" that can be answered without delving beyond the

surface of the record. 28 U.S.C. § 1292(b); *Sanderson Farms,* 2007 WL 3402539, at *3. A "substantial ground for difference of opinion" exists because "reasonable jurists might disagree" on that controlling question: the Eleventh Circuit reached the opposite conclusion in a case concerning an analogous statute in *Mobile Republican Assembly* (concluding that *TWR* provides the applicable framework of analysis). And in *Americans for Prosperity*, on which the Court relied, the Supreme Court left open the proposed issue for certification here. Finally, an immediate appeal to the Sixth Circuit to answer that question will "materially advance the ultimate termination of the litigation" and save the parties and the Court time and resources by avoiding potentially controversial fact and expert discovery.

### A.      The Proposed Issue for Appeal Is a Controlling Question of Law.

To satisfy § 1292(b)'s controlling law requirement, the issue for appeal must involve a pure question of law. *Ahrenholz*, 219 F.3d at 677. "Interlocutory appeals are limited to questions that present 'neat abstract issues of law.'" *Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir.2006) (internal quotation omitted). A question of law involves a question about the interpretation "of a statutory or constitutional provision, regulation, or common law doctrine." *Id*. Thus, unlike a question of fact, pure questions of law are matters that the Circuit Court "can decide quickly and cleanly without having to study the record." *Id*.

"To be controlling, 'an issue need not necessarily terminate an action,' but it must be one that 'could materially affect the outcome of the litigation in the district court.'" *Employees Ret. Sys. v. Jones*, No. 20-4813, 2021 WL 5275827, *2 (S.D. Ohio

7

Nov. 12, 2021) (quoting *In re Baker & Getty Fin. Servs., Inc.,* 954 F.2d 1169, 1172 n.8 (6th Cir. 1992)); *see In re Trump,* 874 F.3d at 951; *In re City of Memphis,* 293 F.3d at 351.

The United States seeks certification of the following question for immediate appeal:

> Whether the constitutionality of the 26 U.S.C. § 6033(b)(5) donor disclosure requirement applicable to certain tax-exempt organizations is properly analyzed under the "exacting scrutiny" standard, or under the "rational-basis" standard.

The proposed question satisfies § 1292(b)'s controlling issue of law requirement. The proposed question is a pure question of law involving the proper standard of constitutional review of 26 U.S.C. § 6033(b)(5). *Cf. McCoy-Elkhorn Coal Corp. v. U.S. Environmental Prot. Agency,* 622 F.2d 260, 264 (6th Cir. 1980). Further, the determination by the Sixth Circuit of the proper standard of constitutional review will materially affect the outcome of the case. Indeed, if the Sixth Court reverses on the proposed question, the disclosure requirement would be subject to the less strict rational-basis standard of review under which "[a] law is upheld so long as it is rationally related to a legitimate government purpose." *Liberty Coins, LLC v. Goodman,* 748 F.3d 682, 694 (6th Cir. 2014). "In the rational basis context, the statute starts with a strong presumption of constitutionality." *See Stolz,* 439 F. Supp. 3d at 989. Thus, as the challenger, Buckeye would bear the burden to "negative every conceivable basis which might support [the statute].'" *Armour v. City of Indianapolis,* 566 U.S. 673, 685 (2012) (quoting *Madden v. Kentucky,* 309 U.S. 83, 88 (1940)). As such, if analyzed under rational-basis

8

scrutiny, Buckeye's claims "[would be] particularly vulnerable to dismissal on a Rule 12(b)(6) motion, because, as the Sixth Circuit has explained, 'under rational basis review, . . . a purported rational basis may be based on rational speculation unsupported by evidence or empirical data' and need not have a foundation in the record." *Lichtensten v. Hargett*, No. 20-00736, 2021 WL 5826246, *8 (M.D. Tenn. Dec. 7, 2021) (quoting *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 770 (6th Cir. 2005)). Given the presumption of constitutionality favoring the United States and the burden facing Buckeye under rational-basis review, the reversal on this issue would materially affect the outcome of this case.

### B. A Substantial Ground for Difference of Opinion Exists.

A substantial ground for difference of opinion exists on the applicable level of scrutiny. A "[s]ubstantial ground for a difference of opinion on the issues raised by an interlocutory order exists 'when: (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.'" *Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012) (internal quotations omitted).

Further, "[a] substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d at 952 (quoting *Reese v. BP Expl., Inc.* 642 F.3d 681, 688 (9th Cir. 2011)). In other words, "[w]hen novel legal issues

are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id*.

There is a substantial ground for difference of opinion here. First, the question presented is both difficult and novel, as no precedential decision squarely addresses the constitutionality of the § 6033(b)(5) disclosure requirement. In determining that exacting scrutiny was the correct standard of review, this Court relied mainly on the *Americans for Prosperity* decision, which did not specifically address, and deferred, the specific issue in this case, which required the Court to "synthesize" a previously unstated rule from it and prior decisions. Moreover, while this Court specifically rejected the United States' reliance on the Supreme Court's decision in *TWR*, another circuit reached the opposite conclusion.[3] In *Mobile Republican Assembly*, the Eleventh Circuit relied on *TWR* to uphold the constitutionality of an analogous disclosure requirement on the ground that it was a condition on the receipt of a voluntary tax subsidy. *Mobile Republican Assembly*, 353 F.3d at 1361. As the Eleventh Circuit reached the opposite result from this

---

[3] In *TWR*, the Supreme Court reviewed a constitutional challenge brought by an organization that was denied tax-exempt status under § 501(c)(3) because a substantial part of its activities would consist of lobbying, which is not permitted by § 501(c)(3). The Supreme Court held that tax exemption is a Congressionally granted subsidy, and that Congress' decision not to subsize speech in the form of lobbying does not infringe on First Amendment rights and, thus, is not subject to strict scrutiny. 461 U.S. at 546, 548. In other words, Congress may require an organization to agree to a restriction on lobbying as a condition of tax benefits without offending the First Amendment. Relying on *TWR*, the United States argued in its briefing that because § 501(c)(3) was an opt-in regime, disclosure under § 6033(b)(5) was not compulsory, but rather was a condition on a tax benefit, and was thus subject to only rational-basis review.

10

Court, reasonable jurists might well differ on whether the constitutionality of the donor disclosure requirement of § 6033(b)(5) is properly analyzed under exacting-scrutiny or a rational-basis standard of review.

Further, although this Court determined that *Americans for Prosperity* had further developed the rules applied in *TWR*, the opinion *in Americans for Prosperity* makes no mention of *TWR*, except to distinguish between and reserve ruling on the precise question presented here: "[R]evenue collection efforts and conferral of tax-exempt status may raise issues not presented by California's disclosure requirement, which can prevent charities from operating in the State altogether." *Americans for Prosperity*, 141 S. Ct. at 2389 (citations omitted). Given the apparent tension between the Court's Opinion and Order and the Eleventh Circuit's analysis in *Mobile Republican Assembly*, and the lack of controlling precedent on the precise question before the Court, a substantial ground for a difference of opinion exists on whether the constitutionality of the donor disclosure requirement applicable to certain tax-exempt organizations is properly analyzed under the exacting-scrutiny standard or under the rational-basis standard as a condition on a government subsidy.

### C. An Immediate Appeal From the Order May Materially Advance the Ultimate Termination of the Litigation.

Section 1292(b)'s final requirement is that the resolution of the issue on appeal "may materially advance the ultimate termination of the litigation." Appeals that materially advance litigation are "those where, absent review, potentially unnecessary 'protracted and expensive litigation will ensue.'" *In re Somberg*, 31

F.4th at 1008 (citing *Little v. Louisville Gas & Elec. Co.*, 805 F.3d 695, 699 (6th Cir. 2015)). This requirement ensures that interlocutory appeals are authorized only "for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Wright and Miller, Fed. Practice & Procedure § 3930.

The resolution of this issue on appeal would no doubt serve that end. The Court's Opinion and Order observed that "the parties' briefing under the exacting scrutiny [standard] raises a genuine issue of material fact," and that "[d]etermining which side is ultimately more persuasive will turn, at least in part, on witness credibility." Opinion at 12. As it stands, before the Court can determine under the heightened exacting-scrutiny standard whether the disclosure requirement bears a substantial relation to a sufficiently important government interest and whether the disclosure requirement is narrowly tailored to that interest, the parties must proceed with discovery and trial. The United States currently estimates a 6–7-month fact discovery period followed by expert discovery. And based on preliminary discussions with Buckeye regarding the likely scope of discovery, the United States anticipates motion practice relating to its efforts to seek discovery relating to Buckeye's allegation that its donors have reduced their contributions, and Buckeye's efforts to obtain Schedule B information. The latter category of discovery will necessarily give rise to privacy and law enforcement privilege concerns and lead to protracted motion practice. *See, e.g.*, 26 U.S.C. § 6103(b)(2)(D) (flush language) (providing that the IRS does not have to disclose information concerning

examination selection "if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws"); *see also* 26 U.S.C. §§ 6103(c), 6103(e)(7); *United States v. Quebe*, No. 15-297, 2017 WL 279539, *13 (S.D. Ohio Jan. 23, 2017) (finding that documents met the law-enforcement privilege because the documents contained information that may significantly impair "the IRS's ability to conduct current or future investigations").[4] The United States expects that Buckeye will likewise challenge discovery requests concerning its donors and its allegation that it faces ongoing harm because the major donor reporting requirement has deterred its donors.

Further, if this case proceeds to trial, Buckeye currently "anticipates calling 2-4 witnesses, including the possibility of one or two expert witnesses and . . . is additionally reserving the possibility of calling the 5 declarants the United States relied on its briefs," while the United States anticipates calling 7 witnesses, including a potential expert. Doc. 64, at 2. Thus, discovery will be costly and time consuming for the parties and the Court, and a trial on these issues is likely to be long (the United States anticipates a trial lasting between 5 and 8 days). *Id*.

---

[4] As courts have recognized, the IRS "closely guards" information concerning its examination techniques because such information "[w]ould enable an unscrupulous taxpayer to manipulate his return to . . . reduce the probability of an audit." *Gillin v. Internal Revenue Service*, 980 F.2d 819, 822 (1st Cir. 1992); *see also Buckner v. Internal Revenue Service*, 25 F.Supp.2d 893, 898 (N.D. Indiana 2001) (observing that the release of the IRS's investigative techniques "[c]ould compromise the integrity of the IRS and its regulatory function by allowing individuals to manipulate their DIF scores and possibly avoid a well-deserved audit.").

However, a Sixth Circuit determination that the less-strict rational-basis standard applies as the proper test would completely alter the trajectory of the case. Indeed, if the Sixth Circuit agrees that rational-basis scrutiny is the correct standard, it could limit the need for trial (and discovery), or even obviate it entirely if the Sixth Circuit determines that the United States' motion to dismiss (for failure to state a claim) and motion for summary judgment should be considered anew on remand utilizing the rational-basis standard. This is especially true given that Buckeye's claims would be more vulnerable to dismissal under the lower level of scrutiny with the presumption of constitutionality attached. *Lichtenstein*, 2021 WL 5826246, at *8. Either way, reversal and remand on appeal would materially advance the ultimate termination of the litigation, thus minimizing the burdens of litigation on the parties and the Court.[5]

If the Court grants the motion, the United States requests that the Court vacate and reissue its November 9, 2023 Opinion and Order and "state in writing in such order" that it is certifying the Opinion and Order for appealability.  *See* 28 U.S.C. § 1292(b); *Eagan v. CSX Transp., Inc.*, 294 F. Supp. 2d 911, 914 (E.D. Mich. 2003).

## IV.    CONCLUSION

This case presents exceptional circumstances that warrant certification of an interlocutory appeal. The Opinion and Order denying the United States' motion to dismiss and motion for summary judgment "involves a controlling question of law as

---

[5] The United States intends to seek a stay of discovery pending the outcome of this motion and any pending appeal.

to which there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, the Court should certify that order for appeal and identify as the pure question of law the following issue:

> Whether the constitutionality of the 26 U.S.C. § 6033(b)(5) donor disclosure requirement applicable to certain tax-exempt organizations is properly analyzed under the "exacting scrutiny" standard, or under the "rational-basis" standard.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division

JOSEPH A. SERGI
Senior Litigation Counsel, Tax Division

U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-616-2604 (v)
202-514-5238 (f)
mary.a.stallings@usdoj.gov

15