# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

The Buckeye Institute,

    Plaintiff,

v.

Internal Revenue Service, *et al.*,

    Defendants.

Case No. 2:22-cv-4297

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

The Internal Revenue Service, Commissioner Douglas O'Donnell, the United States Department of Treasury, and Secretary Janet Yellen (collectively, "Defendants") move the Court to certify an interlocutory appeal. ECF No. 71. The Buckeye Institute ("Plaintiff") does not oppose. *Id.* at 2. For the following reasons, the motion is **GRANTED**.

This case arises out of a disclosure requirement for 501(c)(3) tax-exempt organizations (the "Requirement"). *See generally*, Am. Compl., ECF No. 68. Plaintiff challenges the Requirement as violating the First Amendment. *Id.* In its recent Opinion and Order denying summary judgment, the Court concluded that it would use the "exacting scrutiny" standard to determine whether the Requirement is unconstitutional (the "Order"). ECF No. 60.

Defendants move pursuant to 28 U.S.C. § 1292(b) for certification of the Order for interlocutory appeal. To prevail on a motion under § 1292(b), the moving party must show: "(1) the order involves a controlling question of law,

(2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (citing 28 U.S.C. § 1292(b)); *see also In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017). "[R]eview under § 1292(b) should be the exception, granted only in an extraordinary case." *In re Gen. Motors, LLC*, No. 19-0107, 2019 WL 8403402, at *1 (6th Cir. Sept. 25, 2019) (citation omitted).

This is one of the rare cases in which the factors favor certification. First, whether "exacting scrutiny" or some other standard governs the issue is central to—and likely dispositive of—Plaintiff's claim. *See In re Transdigm Grp., Inc. Sec. Litig.*, No. 1:17 CV 1677, 2018 WL 11227556, at *1 (N.D. Ohio Jan. 30, 2018) ("A controlling question of law exists where a question is potentially dispositive of a case or could result in a reversal of judgment after a final hearing." (quotation marks and citations omitted)). Thus, the first factor weighs in Defendants' favor.

Second, there is a substantial ground for a difference of opinion about what standard should apply to the Requirement. As outlined in the Order, two Supreme Court cases, *Americans for Prosperity Foundation v. Bonta*, 141 S. Ct. 2373 (2021) ("AFPF") and *Regan v. Taxation with Representation of Washington*, 46 U.S. 540 (1983), touch on the issues in this case and, at least arguably, conflict with one another. Order, ECF No. 60. Although this Court concluded that *AFPF* ultimately controlled, reasonable minds could conclude that, instead,

*Regan* guides the analysis. *See In re Trump*, 874 F.3d at 952 (explaining that interlocutory appeal may be appropriate "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions" (quotation marks and citations omitted)). Accordingly, the second factor favors certifying an interlocutory appeal.

Finally, an immediate appeal will materially advance the end of this action. The parties have represented that they need to conduct substantial discovery before trial and, of course, the case must proceed through trial. Knowing which standard applies to the Requirement will not only help the parties with discovery and trial but also will reduce the risk of having to repeat trial if, after a traditional appeal, the Sixth Circuit determines that "exacting scrutiny" is not the correct standard for this case. *See In re Somberg*, 31 F.4th 1006, 1008 (6th Cir. 2022) (instructing that an interlocutory appeal will materially advance the litigation if, "absent review, potentially unnecessary protracted and expensive litigation will ensue" (quotation marks and citations omitted)). Therefore, the third factor supports an interlocutory appeal.

For these reasons, Defendants' motion is **GRANTED**. The Court **CERTIFIES** the Order, ECF No. 60, for interlocutory appeal.[1] The Court

---

[1] Defendants also ask the Court to identify a particular issue for interlocutory appeal. Because the Court may certify only *orders*, not *issues*, for interlocutory appeal, that request is **DENIED**. *See In re Zurich Am. Ins. Co.*, No. 21-0302, 2021 WL 4473398, at *1 (6th Cir. Sept. 29, 2021) ("[S]ection 1292(b) authorizes certification of *orders* for interlocutory appeal, not certification of *questions*" (emphasis in original; quotation marks and citations omitted)).

**AMENDS** the Order to include a certification of interlocutory appeal, as consistent with this Opinion and Order and as required by 28 U.S.C. § 1292(b).

The Clerk shall terminate ECF No. 71.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**